UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNIE FERRARI,

    Plaintiff,

v.                                        Case No: 8:21-cv-2520-KKM-AEP

NORTH AMERICAN
CREDIT SERVICES, INC.,

    Defendant.
_____

## ORDER

North American Credit Services, Inc. (NACS), moves to stay this action to await a final decision from the Eleventh Circuit in *Hunstein v. Preferred Collection and Management Services, Inc.* (Doc. 9.) Annie Ferrari opposes the stay. (Doc. 12.) Because a ruling in *Hunstein* will be dispositive of whether Ferrari has Article III standing to pursue her claim under 15 U.S.C. § 1692c(b), the Court grants NACS's motion to stay the case.

I.   BACKGROUND

Annie Ferrari's October 27, 2021 Complaint brings a single cause of action. She alleges that NACS violated 15 U.S.C. § 1692c(b), a subsection of the Fair Debt Collection Practices Act. (Doc. 1 ¶ 39.) Whether Ferrari has Article III standing to bring that claim will be a—or possibly *the*—dispositive issue in this case. Recognizing the importance of

this point of law, Ferrari's Complaint cites *Hunstein v. Preferred Collection and Management Services, Inc.* (*Hunstein I*), 994 F.3d 1341 (11th Cir. 2021). (Doc. 1 ¶ 30.) The Complaint relies on *Hunstein I* to argue that NACS's alleged violation of § 1692c(b) caused her a "concrete and particularized harm." (*Id.*) It was an apt citation. *Hunstein I* addressed that exact statutory section and decided—as a matter of "first impression"—that violating § 1692c(b) causes a sufficient injury for Article III standing. *Hunstein I*, 994 F.3d at 1344, 1352.

However, the landscape changed quickly after Ferrari filed her Complaint. On October 28, 2021, the *Hunstein* panel vacated its prior decision and substituted a new opinion to address an intervening Supreme Court decision. *See Hunstein v. Preferred Collection & Mgmt. Servs., Inc.* (*Hunstein II*), 17 F.4th 1016 (11th Cir. 2021). Less than a month later, the Eleventh Circuit vacated the second *Hunstein* opinion and decided to rehear the case en banc. *See Hunstein v. Preferred Collection & Mgmt. Servs., Inc.* (*Hunstein III*), 17 F.4th 1103, 1104 (11th Cir. 2021).

NACS moves to stay the case until the Eleventh Circuit releases a new opinion in the *Hunstein* saga. Ferrari opposes the motion. She argues that a stay prejudices her because it delays the vindication of her rights and may lead to lost evidence.

## II. LEGAL STANDARD

A request for stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (citation omitted). Though the moving party has the burden to justify a stay, *id.* at 255, "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket," *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "A stay sometimes is authorized simply as a means of controlling the district court's docket and of managing cases before the district court." *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000).

"Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. That said, a "variety of circumstances may justify a district court stay pending the resolution of a related case in another court." *Ortega Trujillo*, 221 F.3d at 1264. Awaiting "a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case" is "at least a good [reason], if not an excellent one" for granting a stay. *Miccosukee Tribe of Indians v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009).

III.  ANALYSIS

A stay is appropriate and warranted. The Eleventh Circuit's decision in *Hunstein* will address whether individuals have Article III standing to sue for violations of § 1692c(b), the very claim Ferrari brings here. Along with standing, a *Hunstein* ruling will implicate "the Court's subject matter jurisdiction" to hear the dispute at all. *Tirado v. Gulf Coast Collection Bureau*, No. 8:22-cv-77, 2022 U.S. Dist. LEXIS 21605, at *2 (M.D. Fla. Feb. 7, 2022) (Honeywell, J.) (finding a *Hunstein* stay warranted). In sum, *Hunstein* will have a "substantial or controlling effect" on Ferrari's claim. *Miccosukee Tribe*, 559 F.3d at 1198; *see Decaires v. Fin. Recovery Servs. of Minn., Inc.*, No. 6:21-cv-1785, 2022 U.S. Dist. LEXIS 3820, at *2 (M.D. Fla. Jan. 7, 2022) (Berger, J.) (granting a stay because "*Hunstein* could be dispositive" of the plaintiff's only claim). Awaiting "an upcoming appellate opinion, on the same dispositive issue, is a valid reason to stay." *Azran v. Client Servs., Inc.*, No. 21-cv-61263, 2022 U.S. Dist. LEXIS 11408, at *2 (S.D. Fla. Jan. 20, 2022) (Singhal, J.) (granting an opposed stay to await decision in *Hunstein*).

Though the Court acknowledges Ferrari's arguments to the contrary,[1] pausing this case will yield a net benefit to the parties and the Court. A stay will save the parties considerable litigation expenses on potentially superfluous issues or foreclosed arguments.

---

[1] Ferrari argues that delay may hinder her ability to secure evidence. (Doc. 12 at 7–8.) "But that is pure speculation" and she "offers nothing to support these suspicions." *Bailey v. Trident Asset Mgmt., LLC*, No. 2:21-cv-515 (M.D. Fla. Dec. 29, 2021) (Chappell, J.) (granting an opposed *Hunstein* stay after addressing nearly identical prejudice arguments).

4

And given the factual and legal similarity between this case and *Hunstein*, "the interests of justice and judicial economy—including avoiding inconsistent results, the duplication of efforts, and the waste of judicial resources—will be promoted by staying this proceeding." *Perrone v. Commonwealth Fin. Sys.*, No. 22-cv-60064, 2022 U.S. Dist. LEXIS 8611, at *1–2 (S.D. Fla. Jan. 14, 2022) (Ruiz, J.) (granting a stay pending a decision in *Hunstein*).

Even so, Ferrari contends that courts routinely deny stays in *Hunstein* cases. True, some have. But all the cases Ferrari cites come *before* the *Hunstein* panel vacated its opinion and *before* the Eleventh Circuit vacated that opinion.[2] Since the Eleventh Circuit agreed to rehear *Hunstein* en banc, district courts routinely grant stays involving § 1692c(b). This Court is aware of at least thirty such cases. *See, e.g., Hilaire v. Nationwide Credit, Inc.*, No. 22-cv-60009, 2022 U.S. Dist. LEXIS 3124 (S.D. Fla. Jan. 5, 2022) (Ruiz, J.); *Clarke v. Hunter Warfield, Inc.*, No. 8:21-cv-2011, 2022 U.S. Dist. LEXIS 511 (M.D. Fla. Jan. 3, 2022) (Honeywell, J.); *Ayme v. Broward Adjustment Servs.*, No. 21-cv-24095, 2021 U.S. Dist. LEXIS 245045 (S.D. Fla. Dec. 22, 2021) (Scola, J.); *Rahaman v. Cain & Weiner Co.*, No. 6:21-cv-1908 (M.D. Fla. Dec. 6, 2021) (Byron, J.); *Sardinas v. TRS Recovery Servs.*, No. 21-cv-24057, 2021 U.S. Dist. LEXIS 231069 (S.D. Fla. Dec. 2, 2021) (Altonaga, J.). Including one involving Ferrari herself. *See Ferrari v. Receivables*

---

[2] Even during this period *Hunstein* stays were far from atypical. *See, e.g., Lalloo v. Cooling & Winter, LLC*, No. 21-cv-14310, 2021 U.S. Dist. LEXIS 183400 (S.D. Fla. Sep. 23, 2021) (Cannon, J.); *Luca v. United Collection Bureau, Inc.*, No. 21-cv-61427, 2021 U.S. Dist. LEXIS 174555 (S.D. Fla. Sep. 13, 2021) (Altman, J.).

*Mgmt. Partners, LLC*, No. 8:21-cv-2526, 2022 U.S. Dist. LEXIS 19943 (M.D. Fla. Feb. 3, 2022) (Honeywell, J.) (granting a stay after addressing Ferrari's identical arguments in opposition).

Ferrari still disagrees, protesting that the stay will be indefinite or simply too long. (Doc. 12 at 6.) True again, a stay must be limited and of moderate length. *See Landis*, 299 U.S. at 256, 258. And this one will be. The stay will expire shortly after the Eleventh Circuit issues an opinion in *Hunstein*. Such a "stay is not immoderate—much less indefinite." *Azran*, 2022 U.S. Dist. LEXIS 11408, at *2; *see Landis*, 299 U.S. at 257 (explaining that a stay is not immoderate if "so framed" that "its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description").

## IV. CONCLUSION

A stay to await a controlling decision in *Hunstein* on a threshold and dispositive issue is warranted. Since it is in the interests of both the parties and the Court to avoid superfluous litigation, the case is stayed pending the Eleventh Circuit's resolution of *Hunstein*.

Accordingly, the following is **ORDERED**:

1. Defendant's Motion for Stay is **GRANTED**. (Doc. 9.)

2. The parties must file a joint status report within **seven days** of a decision from the Eleventh Circuit in *Hunstein*.

6

3.  The Court directs the Clerk to **STAY** and **ADMINISTRATIVELY CLOSE** the case.

**ORDERED** in Tampa, Florida, on February 15, 2022.

Kathryn Kimball Mizelle
United States District Judge